**William W. HAMMETT, Plaintiff,**

v.

**The UTAH STATE TAX COMMISSION, Defendant.**

**No. 14067.**

Supreme Court of Utah.

Jan. 26, 1976.

William W. Hammett, pro se., for plaintiff.

Vernon B. Romney, Atty. Gen., Salt Lake City, for defendant.

HENRIOD, Chief Justice:

Appeal from a Tax Commission order assessing some taxes allegedly due for income tax delinquencies for the four years 1969–1972 aggregating $287 (No penalties were assessed). Affirmed, with no costs.

Petitioner insists that his wife was a party to some kind of business association, —not a partnership. No returns were filed as such,—but appellant insists that the parties to the joint or unjointed adventure could allocate their time and income separately as they pleased, without question by the Commission. The $287 was not paid, regardless of status, and the tax auditors were unimpressed therefore and also unimpressed by petitioners' adverting to one of the Commissioners comments that "marriage is not a condition of servitude," —which must have been confused with the maxim that "servitude is not a condition of marriage."

So far as we can see from the facts of this case, the taxpayer, understandably disgruntled as many of us taxpayers are, had little of substance save an unwarranted charge of unfairness on the part of the Commission based on generality,—not specificity.

There is little evidence of malfeasance in this case, but only resentment against a tax load that is distasteful to many overburdened taxpayers, but which should not be the basis for condemnation of the administrators who have a job to do.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

ELLETT, J., concurs in the result.